## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TROY L. BROWN,

    Petitioner,

v.

BRUCE CURTIS,

    Respondent,

_____/

Civil No. 2:07-CV-14038
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER CONDITIONALLY GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS

Troy L. Brown, ("Petitioner"), presently confined at the Cooper Street Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for conspiracy to possess 100 grams or more of cocaine, claiming that his right to a speedy trial was denied. Petitioner has also requested an evidentiary hearing on his speedy trial claim. Petitioner has also moved for immediate consideration of his petition. For the reasons stated below, *in lieu* of granting an evidentiary hearing, the Court will conditionally grant a writ of habeas corpus and will remand the matter back to the state courts for the sole purpose of conducting a hearing and making a factual and legal determination with respect to petitioner's speedy trial claim.

### I. Background

On June 10, 2003, police raided petitioner's house and recovered various

1

items relating to the distribution of cocaine. Petitioner, however, was not formally charged until October 14, 2004, when he was charged with delivery of 1000 grams or more of cocaine, possession of 1000 grams or more of cocaine, and the conspiracy count that he ultimately pleaded guilty to. On December 6, 2004, petitioner waived his right to a preliminary examination and was bound over to the Ingham County Circuit Court.

On April 12, 2006, petitioner filed a motion to dismiss based on an alleged violation of his right to a speedy trial. The trial court denied the motion on April 19, 2006, without hearing oral arguments, conducting any hearing, or making any findings of fact or conclusions of law. The trial court also denied petitioner's motion for a stay of proceedings pending appeal and his motion to file a supplemental brief.

Petitioner filed an interlocutory appeal with the Michigan Court of Appeals, in which he contended that the trial court erred in denying his motion to dismiss without conducting an evidentiary hearing. Two judges on the Michigan Court of Appeals denied the application in a standard form order. *People v. Brown,* No. 269885 (Mich.Ct.App. April 27, 2006). However, one of the three judges on the panel, Judge Borrello, indicated that he would grant leave to appeal.

Petitioner's trial was scheduled for April 27, 2006, the same day that the Michigan Court of Appeals denied petitioner's interlocutory appeal. On that date, petitioner pleaded guilty to the conspiracy charge, in exchange for the dismissal

2

of the other charges against him.  There was also an agreement that petitioner's minimum sentence would not exceed seven years.  The assistant prosecuting attorney further placed on the record that the prosecution did not object to petitioner's contention that he was preserving his right to appeal with regard to his speedy trial issue that he had previously filed in his motion to dismiss.  There was no formal finding by the trial court, however, that petitioner had entered a conditional plea of guilty. (Plea Tr., p. 4).  Petitioner was sentenced to five years, ten months to nineteen years in prison.

Petitioner filed a second appeal with the Michgan Court of Appeals, again raising his speedy trial claim.  The Michigan Court of Appeals initially held the matter in abeyance and ordered a response from the prosecutor.  In their ansnwer to petitioner's application for leave to appeal, the appellate prosecutor expressly conceded that the assistant prosecuting attorney's remarks at the plea hearing were the equivalent of making petitioner's plea conditioned upon his right to appeal his speedy trial issue, although the appellate prosecutor noted somewhat inconsistently in a footnote that the assistant prosecuting attorney did not believe that he was agreeing to a conditional guilty plea. [1]  The Michigan Court of Appeals ordered that the matter be removed from abeyance and denied petitioner leave to appeal in a form order. *People v. Brown,* No. 275399

---

[1] *See* People's Answer to Defendant's Delayed Application for Leave to Appeal, p. 7 and n. 2 [This Court's Dkt. # 12-8].

(Mich.Ct.App. April 4, 2007). The Michigan Supreme Court denied leave to appeal. *People v. Brown,* 469 Mich. 867; 735 N.W. 2d 223 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> Defendant's conviction must be vacated and the charges dismissed with prejudice based on the violation of his constitutional right to a speedy trial.

## II. DISCUSSION

Petitioner contends that his right to a speedy trial was violated by the sixteen month delay between his initial arrest and his being formally charged with the crimes, and the eighteen month delay between the formal charges and the trial date of April 27, 2006. Petitioner further contends that most, if not all, of the delays in bringing him to trial should be attributed to the prosecution. Petitioner further contends that the delay in bringing him to trial prejudiced his ability to call favorable witnesses for the defense and to produce exculpatory evidence on his behalf.

Respondent contends that petitioner's speedy trial claim is waived because of his plea of guilty and further contends that the claim is without merit.

It is true that an unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations, *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973), including speedy trial violations. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003). However, it is not at all clear whether petitioner's

plea of guilty was conditional or unconditional in this case. A conditional guilty plea requires the agreement of the defendant, the prosecution, and the court. *People v. Andrews,* 192 Mich. App. 706, 707; 481 N. W. 2d 831 (1992); *See also Brown v. Trombley,* No. 2007 WL 1013687, *3 (E.D. Mich. March 29, 2007). In the present case, there is no indication from the record that the trial court judge expressly agreed to a conditional plea. There also appears to be some confusion about whether the assistant prosecuting attorney's statements at the plea hearing pertained only to petitioner being able to preserve the speedy trial claim that had been raised in his pending interlocutory appeal or whether the prosecutor was agreeing that petitioner could file a subsequent direct appeal from his conviction regarding his speedy trial claim. Michigan courts have often decided an issue on the merits from a plea-based conviction where it was unclear from the record whether a defendant entered a conditional guilty plea and whether the prosecutor and the court agreed to such a conditional plea. *See People v. O'Neal*, 167 Mich.App. 274, 278; 421 N.W.2d 662 (1988). However, what makes it additionally difficult for the Court in this case is that the Michigan Court of Appeals denied petitioner's second appeal in a standard form order, making it impossible for this Court to determine whether they denied petitioner's speedy trial claim because they found it to have been waived by an unconditional plea, or whether they found that the claim simply lacked merit.

More importantly, there has never been any factual findings or legal

5

determinations made by any Michigan trial or appellate court concerning petitioner's speedy trial claim. To determine whether a speedy trial violation has occurred, the court must consider the following four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). A state court's factual findings as to the cause of pre-trial delay are entitled to the presumption of correctness in federal habeas corpus proceedings involving a speedy trial claim, unless the petitioner can offer clear and convincing evidence to the contrary. *See Wilson v. Mitchell,* 250 F. 3d 388, 394-95 (6th Cir. 2001). The problem for the Court in this case is that there has been no factual or legal findings made by the trial or the Michigan appellate courts concerning the reasons for the delay in this case, whether petitioner asserted his speedy trial right in a timely manner, and whether petitioner had established that he had been prejudiced by this delay. Because the state court record is fragmented and does not contain the trial court's rationale for granting continuances and adjournments in petitioner's case, this Court is unable to engage in the delicate balancing required to determine whether the delays in this case constituted a constitutional violation of petitioner's right to speedy trial. *See Cain v. Smith,* 686 F. 2d 374, 380 (6th Cir. 1982).

The question becomes whether this Court should conduct the hearing itself on petitioner's speedy trial claim or remand the matter to the state courts to afford

them the first opportunity to consider the issue.  While this Court could conduct an evidentiary hearing on petitioner's claim, the Court concludes that the better approach would be to grant a conditional writ of habeas corpus for the sole purpose of affording petitioner a hearing in the state courts on his speedy trial claims.

A federal habeas court has broad discretion in conditioning a judgment granting habeas relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).  28 U.S.C. § 2243 authorizes federal courts to dispose of habeas corpus matters "as law and justice require".  Remedies in habeas cases generally should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests. *Dickens v. Jones,* 203 F. Supp. 2d 354, 364 (E.D. Mich. 2002).

The considerations of state-federal comity underlying the writ of habeas corpus require that state courts be given an opportunity to correct alleged violations before federal courts step in. *Raley v. Parke*, 945 F. 2d 137, 143 (6th Cir. 1991); *rev'd on other grds,* 506 U.S. 20 (1992)(conditional writ granted to remand case to state court for determining the voluntariness of habeas petitioner's guilty plea).  In situations where a state court has failed to make the necessary findings of fact or conclusions of law, it is an appropriate alternative for a federal court to "take steps to require the State's own judicial system to make the factual findings in the first instance." *Cabana v. Bullock*, 474 U.S. 376, 390

(1986).

It is thus an acceptable practice for a federal district court to send a case back to the state courts to resolve issues more properly considered by the judge who experienced the trial firsthand. *See United States ex. rel. McQueen v. Wangelin*, 527 F. 2d 579, 581 (8th Cir. 1975)(district court properly exercised its discretion in remanding case to the state courts in order to permit original trial judge to decide in the first instance whether court appointed counsel's lack of investigation of a case for trial was harmless or whether a new trial was warranted); *See also Arrington v. Maxwell*, 409 F. 2d 849, 851 (6th Cir. 1969)(permissible for district court to remand matter to state court to have state court determine the voluntariness of petitioner's admissions); *Salem v. Yukins,* 414 F. Supp. 2d 687, 697-98 (E.D. Mich. 2006)(conditional writ granted to afford habeas petitioner new public entrapment hearing after first entrapment hearing had been closed to the public); *Dickens,* 203 F. Supp. 2d at 364 (conditional writ granted to afford petitioner a juvenile waiver hearing in state court to determine whether petitioner should have been tried as an adult); *Tankleff v. Senkowski*, 3 F. Supp. 2d 278, 280 (E.D.N.Y. 1998)(case remanded to state court on a conditional writ of habeas corpus for sole purpose of holding a hearing on petitioner's *Batson* claim); *Kelly v. Meachum*, 950 F. Supp. 461, 476 (D. Conn. 1996)(conditional writ granted and case remanded to state court for a new rape-shield hearing).

This Court therefore determines that the appropriate remedy in this case would be to grant a conditional writ of habeas corpus for the sole purpose of affording petitioner a hearing in the Ingham County Circuit Court on his speedy trial claims. At such a hearing, the trial court will first make a determination to clarify whether petitioner's plea of guilty was, in fact, entered conditionally so as to permit petitioner to preserve his speedy trial claims for appeal. If the trial court determines that petitioner's plea was, in fact, conditional, the trial court shall then make the appropriate findings of fact and conclusions of law concerning the reasons for the delays in this case, whether petitioner promptly asserted his speedy trial rights, and whether petitioner can establish that he was prejudiced by the delays. This Court will leave it to the state trial court's discretion as to whether an evidentiary hearing is needed on petitioner's speedy trial claim. After making the appropriate factual determinations and legal conclusions of law, the trial court shall then issue a written opinion or make a finding on the record as to whether or not petitioner's speedy trial rights were violated and whether he is entitled to discharge of his conviction. Moreover, should the Ingham County Circuit Court deny petitioner relief from his speedy trial claim, petitioner shall be able to seek appellate review of the denial of this claim with the Michigan appellate courts. *See Dickens v. Jones,* U.S.D.C. No. 01-70984 (E.D. Mich. January 26, 2003).

This Court will further allow petitioner to retain the benefit of the present

case number and the original filing date to foreclose the possibility that petitioner would be barred under the AEDPA's one year statute of limitations from refiling his petition for writ of habeas corpus following completion of these proceedings in the Michigan courts, in the event that the Michigan courts deny petitioner relief. *See Kethley v. Berge*, 14 F. Supp. 2d 1077, 1078-80 (E.D. Wis. 1998).

### III. ORDER

**IT IS HEREBY ORDERED THAT PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS IS CONDITIONALLY GRANTED. UNLESS THE STATE TAKES ACTION TO AFFORD PETITIONER A HEARING ON HIS SPEEDY TRIAL CLAIM IN THE MICHIGAN COURTS WITHIN NINETY (90) DAYS OF THE DATE OF THIS OPINION, HE MAY APPLY FOR A WRIT ORDERING RESPONDENT TO RELEASE HIM FROM CUSTODY FORTHWITH.**

**IT IS FURTHER ORDERED that the petition may be reopened once petitioner's speedy trial claims have been finally adjudicated in the Michigan courts.**

s/Nancy G. Edmunds
Nancy G. Edmunds
**United States District Judge**

**Dated: July 7, 2008**

**I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 7, 2008, by electronic and/or ordinary mail.**

        **s/Carol A. Hemeyer**
        **Case Manager**