# STATE OF MICHIGAN

## IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff,

v

TROY LAMONT BROWN,

        Defendant.

_____/

OPINION AND ORDER

DOCKET NO.: 04-1495-FC

HON. THOMAS L. BROWN

FILED 2008 DEC -9 P 3 46 U.S. DIST. COURT EAST. DIST. MICHIGAN DETROIT

**PRESENT:** <u>**HONORABLE THOMAS L. BROWN**</u>
                    **Visiting Circuit Court Judge**

## OPINION

This case comes before the Court on remand from the United States District Court for the Eastern District of Michigan, Honorable Nancy G. Edmunds. On July 7, 2008, the Federal Court conditionally granted Defendant's Petition for a Writ of Habeas Corpus, and remanded the matter to this Court for an evidentiary hearing. The Order of the Federal Court states:

> the trial court will first make a determination to clarify whether petitioner's plea of guilty was, in fact, entered conditionally so as to permit petitioner to preserve his speedy trial claims for appeal. If the trial court determines that petitioner's plea was, in fact, conditional, the trial court shall then make the appropriate findings of fact and conclusions of law concerning the reasons for the delay in this case, whether petitioner promptly asserted his speedy trial rights, and whether petitioner can establish that he was prejudiced by the delays.

1

An evidentiary hearing was held in this Court on September 23, 2008. This Court finds that Defendant's plea was not conditional. Furthermore, this Court finds that even if Defendant's plea had been conditional, Defendant did not promptly assert his right to a speedy trial, and cannot establish that he was prejudiced by the delay.

## INTRODUCTION

Defendant was initially charged with Delivery of 1000 or More Grams of Cocaine contrary to MCL 333.7408a, Possession of 1000 or More Grams of Cocaine contrary to MCL 333.7408a, and Conspiracy to Possession of 1000 or More Grams of Cocaine contrary to MCL 750.157a. All three offenses carry a maximum penalty of life in the Michigan Department of Corrections. Defendant was arraigned in Circuit Court on December 15, 2004. A criminal pre-trial conference was held on January 12, 2005, and trial was initially set for March 8, 2005. Subsequently, trial was set and adjourned six separate times. On April 17, 2006, Defendant filed a Motion to Dismiss for Violation of Right to Speedy Trial. On April 19, 2006, a hearing was held on Defendant's Motion, and Judge Beverley Nettles-Nickerson denied the Motion without oral argument pursuant to MCR 2.119. Trial was set for April 24, 2006, and then reset for April 27, 2006.

On April 26, 2006, Defendant filed an emergency interlocutory appeal in the Michigan Court of Appeals, again raising the speedy trial issue and arguing that Judge Nettles-Nickerson had committed reversible error in not holding an evidentiary hearing. Additionally, Defendant alleged that he had prejudiced by the delay in the following ways: loss of memory, inability to ascertain documentation to assist his defense, and inability to contact potential witnesses. Defendant further argued that he had experienced personal prejudice because he had obtained a

job while out on bond that he would likely lose in the event of a conviction, and argued that he had not been able to take care of his daughter.

On April 27, 2006, Defendant tendered a plea of guilty to Conspiracy to Possession of Cocaine. Plaintiff agreed to dismiss the remaining charges, and further agreed pursuant to *People v Killebrew*, 416 Mich 189 (1983), that Defendant would receive a seven year cap on his minimum sentence and a nineteen year cap on his maximum sentence. Defendant agreed to testify and cooperate in state or federal proceedings against his other co-conspirators. At the time of Defendant's plea, Assistant Prosecuting Attorney Michael Cheltenham stated, "It is my understanding that the People are not objecting to the Defendant's contention that he has preserved the right to appeal the speedy trial issue that he's filed in a prior motion." Also on April 27, 2006, but unknown to Defendant at the time of his plea, Defendant's interlocutory appeal was denied by the Michigan Court of Appeals. On June 7, 2006 Defendant was sentenced to five years and ten months to nineteen years in the Michigan Department of Corrections.

Subsequently, Defendant filed a Delayed Application for Leave to Appeal and a Motion to Remand in the Michigan Court of Appeals, again asserting that his right to a speedy trial was violated. Defendant's Application was denied in a form order on April 4, 2007. Defendant then sought Leave to Appeal in the Michigan Supreme Court, and that Application was denied on July 30, 2007.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Conditional guilty pleas are governed by MCR 6.301, which provides in pertinent part:

(C) Pleas That Require the Consent of the Court and the Prosecutor. A defendant may enter the following pleas only with the consent of the court and the prosecutor:

* * *

(2) A defendant may enter a conditional plea of guilty, nolo contendere, guilty but mentally ill, or not guilty by reason of insanity. A conditional plea preserves for appeal a specified pretrial ruling or rulings notwithstanding the plea-based judgment and entitles the defendant to withdraw the plea if a specified pretrial ruling is overturned on appeal. The ruling or rulings as to which the defendant reserves the right to appeal must be specified orally on the record or in a writing made a part of the record. The appeal is by application for leave to appeal only.

In this case, there is nothing in the record to indicate that the prosecutor or the Court consented to a conditional guilty plea by the Defendant. The only statement that the assistant prosecutor made that could even be construed as relating to a conditional guilty plea was the statement, "It is my understanding that the People are not objecting to the Defendant's contention that he has preserved the right to appeal the speedy trial issue that he's filed in a prior motion." Assistant Prosecutor Cheltenham testified at the evidentiary hearing in this matter that he was merely stating that he felt he could not object to an appeal that the Defendant had already filed. This Court finds that this explanation of the statement is entirely plausible. Furthermore, Cheltenham did not indicate that the Defendant would be entitled to withdraw his plea if the speedy trial issue were overturned on appeal.

Additionally, The Court made no indication whatsoever that it was entertaining a conditional guilty plea. The Court made no statement that the Defendant was preserving the speedy trial issue for an appeal, nor did the Court make any statement entitling the Defendant to withdraw his plea if the issue were overturned.

A plea agreement must be reviewed in the context of its function to serve the administration of justice. *People v Jackson*, 192 Mich App 10, 15 (1991). Contractual analogies may be applied in the context of a plea agreement, although strict adherence to contractual theories and principles peculiar to commercial transactions may not be applicable. *Id. People v Walton*, 176 Mich App 821, 825 (1989). In other words, contractual theories will not be applied

4

if to do so would subvert the ends of justice. *Id.* The cardinal rule of contract interpretation is to ascertain the parties' intent *Rasheed v Chrysler Corp,* 445 Mich 109, 127, n 28 (1994). A valid contract requires a meeting of the minds, meaning mutual assent on all the material facts. *Kamalnath v Mercy Memorial Hosp Corp,* 194 Mich App 543, 548 (1992).

This Court finds that the application of contractual principles is appropriate in this case, and that to do so does not subvert the ends of justice. This Court finds that there was no "meeting of the minds" with regard to Defendant's claim of a conditional guilty plea. There is nothing in the record to indicate that it was the intent of the prosecutor or the Court to allow Defendant to preserve the speedy trial issue for a subsequent appeal, or to allow the Defendant to withdraw his plea if the speedy trial issue were overturned on appeal. The prosecutor merely indicated that he felt he could not object to an interlocutory appeal that the Defendant had already filed prior to the plea. Therefore, it cannot be said that there was mutual assent on all of the material facts by the prosecutor, the Court, and the Defendant to a conditional plea of guilty. Furthermore, even if Defendant's plea had been conditional as to the speedy trial issue, this Court finds that Defendant did not promptly assert his right to a speedy trial, and cannot establish that he was prejudiced by the delay.

The right of an accused to have a speedy trial is guaranteed by both the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. The right is enforced both by statute and by court rule. MCL 768.1; MCR 6.004(A). MCL 768.1 provides:

> The people of this state and persons charged with crime are entitled to and shall have a speedy trial and determination of all prosecutions and it is hereby made the duty of all public officers having duties to perform in any criminal case, to bring such case to a final determination without delay except as may be necessary to secure to the accused a fair and impartial trial.

The time for judging whether the right to a speedy trial has been violated runs from the date of the defendant's arrest. *People v Williams*, 475 Mich 245, 262 (2006), citing *United States v Marion*, 404 US 307, 312 (1971). In contrast to the 180-day rule, a defendant's right to a speedy trial is not violated after a fixed number of days. *People v McLaughlin*, 258 Mich App 635, 644 (2003).

Thus, this Court must evaluate whether there was an undue delay between arrest and commencement of trial in this case. See *Barker v Wingo*, 407 US 514, 530 (1972). In attempting to resolve whether a speedy trial right has been violated, both the United States and Michigan Supreme Courts have employed a balancing test. In *Barker*, the Court devised an approach to speedy trial claims which weigh the following four factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. The *Barker* approach has been adopted by Michigan courts. *People v Grimmett*, 388 Mich 590 (1972), *People v Collins*, 388 Mich 680 (1972). Following a delay of eighteen months or more, prejudice is presumed, and the burden shifts to the prosecution to show that there was no injury. *Collins, supra* at 695. Under the *Barker* test, a "presumptively prejudicial delay triggers an inquiry into the other factors to be considered in the balancing of the competing interests to determine whether a defendant has been deprived of the right to a speedy trial." *People v Wickham*, 200 Mich App 106, 109-110 (1993). When the delay is less than eighteen months, the burden is on the Defendant to show that he has been prejudiced. *People v Cain*, 238 Mich App 95, 112 (1999).

As to the length of the delay, Defendant was arraigned on the charges on November 10, 2004. Defendant filed his speedy trial motion on April 17, 2006. Therefore, the delay was less than eighteen months, and it is the Defendant's burden to show that he was prejudiced by the

6

delay. As to the Defendant's assertion of the right to speedy trial, as stated, Defendant filed his Motion to Dismiss on April 17, 2006. There is no indication in the record that Defendant objected to any of the adjournments of the trial date. Defendant was on bond during the pendency of this matter. There is nothing in the record that shows Defendant was diligent in pursuing trial of this matter. As to the reasons for the delay, the record is silent. As previously stated, trial was adjourned at least six times. It is assumed that the matter was adjourned due to docket congestion. "Although delays inherent in the court system, e.g., docket congestion, 'are technically attributable to the prosecution, they are given a neutral tint and are assigned only minimal weight in determining whether a defendant was denied a speedy trial." *People v Gilmore*, 222 Mich App 442, 460 (1997), quoting *Wickham, supra* at 111.

Finally, as to prejudice to the Defendant, Defendant contends that he was prejudiced by the delay in that he was unable to secure witness testimony and documentation that Defendant claims would assist in his defense. Defendant claims that he could no longer procure airline records and credit card information that would show what he was doing while travelling in California. Defendant also states that he could not produce witness testimony that he did not traffic in drugs. However, this Court finds that there is overwhelming physical evidence in this case of Defendant's involvement in the drug trade. Defendant's home was raided after his daughter informed authorities that she had observed her father receiving drugs in the mail. His daughter told authorities that her father received candles that had been hollowed out and filled with drugs. She spoke of a safe in Defendant's bedroom that contained cash and drugs. When Defendant's home was raided by police, they found the home wired with cameras, and found a safe in Defendant's bedroom containing large amounts of cocaine and large amounts of cash, just as described by Defendant's daughter. Police also found hollowed out candles, just as described

by Defendant's daughter. This Court fails to see how any documentation or testimony would be able to defeat the fact that Defendant's bedroom at his residence contained strong evidence of participation in the drug trade, e.g. large amounts of cocaine and cash. Furthermore, at his plea hearing, Defendant admitted that he had conspired with others to traffic in cocaine, admitted that he knew that his bedroom contained drugs, and admitted that he allowed the drugs to be stored there. In light of this overwhelming evidence, this Court fails to see how the claims made by Defendant could have prejudiced his defense in any way.

## **ORDER**

**NOW, THEREFORE,** The Court finds that Defendant Troy Brown did not enter a Conditional Plea of Guilty, and further finds that his right to Speedy Trial was not violated because he cannot show prejudice to his defense.

Dated: _____ 2008

Hon. Thomas L. Brown
Visiting Circuit Court Judge

## PROOF OF SERVICE

    I hereby certify that I served a copy of the above Order upon the attorneys/parties of record by placing said Order in an envelope addressed to each and placing same for mailing with the Untied States Mail at Lansing, Michigan, on _November 7_, 2008.

                                            Trinidad Lopez
                                            Judicial Assistant

CC:    Honorable Nancy G. Edmunds
         Joseph B. Finnerty (Via Courier)
         Laura A. Cook
         Troy Brown # 604741