UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY L. BROWN,

    Petitioner,

v.

BRUCE CURTIS,

    Respondent,

                                          /

Civil No. 2:07-CV-14038
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE MOTION FOR EMERGENCY STAY OF REMAND HEARING AND GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD

This matter is before the Court on petitioner's motion for emergency stay of remand hearing and his motion to expand the record. For the reasons stated below, the motion for emergency stay of remand hearing is **DENIED WITHOUT PREJUDICE.** The Court will grant petitioner's motion to expand the record.

On July 7, 2008, this Court granted petitioner a conditional writ of habeas corpus, remanding the matter back to the state courts for the sole purpose of conducting a hearing and making a factual and legal determination with respect to petitioner's speedy trial claim. This Court indicated that at such a hearing, the trial court should first make a determination to clarify whether petitioner's plea of guilty was entered conditionally so as to permit him to preserve his speedy trial claims for appeal. If the trial court determined that petitioner's plea was conditional, the trial court was required to make the appropriate findings of fact

1

and conclusions of law concerning the reasons for the delays in this case, whether petitioner promptly asserted his speedy trial rights, and whether petitioner could establish that he was prejudiced by the delays. *See Brown v. Curtis,* No. 2008 WL 27114177, * 4 (E.D. Mich. July 7, 2008).  Significantly, this Court left it "to the state trial court's discretion as to whether an evidentiary hearing is needed on petitioner's speedy trial claim." *Id.*   This Court indicated that after making the appropriate factual determinations and legal conclusions of law, the trial court should issue a written opinion or make a finding on the record as to whether or not petitioner's speedy trial rights were violated and whether he was entitled to discharge of his conviction. *Id.*  Most importantly, this Court indicated that should the Ingham County Circuit Court deny petitioner relief from his speedy trial claim, "petitioner shall be able to seek appellate review of the denial of this claim with the Michigan appellate courts." *Id.* (citing *Dickens v. Jones,* U.S.D.C. No. 01-70984 (E.D. Mich. January 26, 2003)).

Petitioner has now filed a motion for an emergency stay of the remand hearing, in which he essentially asks this Court to grant him an unconditional writ based on the failure of the state trial court to conduct a full and fair hearing on his speedy trial claim.

A district court that grants a conditional writ of habeas corpus retains jurisdiction to execute a lawful judgment which grants a writ of habeas corpus when it becomes necessary. *See Gentry v. Deuth,* 456 F. 3d 687, 692 (6th Cir.

2006).  If, on the other hand, the respondent meets the terms of the habeas court's condition, thereby avoiding the writ's actual issuance, the habeas court does not retain any further jurisdiction over the matter. *Id.*  When a state fails to comply with the conditions of a grant of conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *Satterlee v. Wolfenbarger,* 453 F. 3d 362, 369 (6th Cir. 2006).  If a state fails to comply with the terms of a conditional writ, an absolute or unconditional grant of a writ of habeas corpus should issue. *Gentry,* 456 F. 3d at 692.

In the context of conditional writs, district courts "possess broad discretion in assessing the extent of the state's compliance with their orders and the legitimacy of reasons the state might offer for the lack of or delay in compliance." *Scott v. Bock*, 576 F. Supp. 2d 832, 836 (E.D. Mich. 2008)(*citing Gentry v. Deuth*, 456 F. 3d at 692).  When a petitioner alleges the state's non-compliance with a conditional writ of habeas corpus, "the district court must evaluate whether the state's action was sufficient to cure the error and assess any prejudice resulting to the petitioner from non-compliance." *Id. (citing McKitrick v. Jeffreys*, 255 Fed.Appx. 74, 76 (6th Cir. 2007)).  Although a district court has the power to order the release of a habeas petitioner when the state does not fulfill the outlined conditions of the writ exactly, "it is equally within the court's prerogative to deny release of the petitioner and nullification of the conviction based on the state's

3

substantial compliance with the conditions." *Id.* (Internal citation omitted).

In the present cased, petitioner was informed in a letter dated September 15, 2008 that the Ingham County Circuit Court had set a hearing date for September 23, 2008.  The letter further informed petitioner that the issues to be decided were 1) whether Petitioner's guilty plea was conditional; and 2) whether his right to a speedy trial was violated.  Petitioner was also informed that briefs on these issues were to be submitted to the court prior to the hearing, and that a writ would be prepared to ensure petitioner's presence at the hearing.

On September 19, 2008, the prosecutor's brief was filed with the trial court and a copy sent to petitioner.

The Ingham Circuit Court conducted a timely hearing regarding petitioner's claims on September 23, 2008.  Prior to the hearing, petitioner requested, but was denied, the assistance of counsel.  Four witnesses testified and were subject to direct and cross-examination by the prosecution and by petitioner.  At the conclusion of the hearing, the trial court judge indicated that he would take the matter under advisement.

On November 7, 2008, the Ingham County Circuit Court issued an opinion and order denying petitioner's speedy trial claim. *People v. Brown,* No. 04-1495-FC (Ingham County Circuit Court, November 7, 2008).

This Court will deny petitioner's request for an unconditional writ because this Court believes that the Ingham County Circuit Court substantially complied

4

with this Court's conditional order. As noted above, this Court did not require the state court to conduct an evidentiary hearing which involved the taking of testimony on petitioner's claim, but left it to that court's discretion, nor did this Court require the appointment of counsel for petitioner. This Court did not even require the state court to order petitioner's presence at such hearing. Instead, this Court granted the writ for the sole purpose of conducting a hearing to clarify whether petitioner's plea of guilty was entered conditionally so as to permit him to preserve his speedy trial claims for appeal. If the trial court determined that petitioner's plea was conditional, the trial court was required to make the appropriate findings of fact and conclusions of law concerning the reasons for the delays in this case, whether petitioner promptly asserted his speedy trial rights, and whether petitioner could establish that he was prejudiced by the delays.

    A review of the evidentiary hearing and the trial court's subsequent written opinion establishes that the Ingham County Circuit Court determined that petitioner's guilty plea was unconditional, thus waiving petitioner's right to appeal his speedy trial claim. The Ingham County Circuit Court further determined that petitioner had failed to establish a violation of his right to a speedy trial. This Court concludes that the Ingham County Circuit Court substantially complied with this Court's conditional grant.

    Moreover, any request for an unconditional writ is premature, in light of this Court's indication that petitioner could seek appellate review in the Michigan

Court of Appeals and the Michigan Supreme Court of any adverse decision rendered by the Ingham County Circuit Court with regard to his speedy trial claim. The Ingham County Circuit Court issued its written opinion and order on November 7, 2008. Petitioner would still have one year from this date to file an application for leave to appeal with the Michigan Court of Appeals pursuant to M.C.R. 7.205(F)(3). Under M.C.R. 7.302 (C)(3), petitioner would then have fifty six days following the denial of any appeal by the Michigan Court of Appeals to seek leave to appeal with the Michigan Supreme Court. Petitioner is free to request the appointment of appellate counsel from the Ingham County Circuit Court. The Court will therefore deny petitioner's motion without prejudice at this time. [1]

Petitioner has also filed a motion to expand the record. Rule 7 (a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." A federal district court judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a

---

[1] In the original opinion and order granting habeas relief, this Court allowed petitioner to retain the benefit of the present case number and the original filing date to foreclose the possibility that petitioner would be barred under the AEDPA's one year statute of limitations from refiling his petition for writ of habeas corpus following completion of these proceedings in the Michigan courts, in the event that the Michigan courts deny petitioner relief. *See Kethley v. Berge*, 14 F. Supp. 2d 1077, 1078-80 (E.D. Wis. 1998). Therefore, petitioner remains free to move to reopen his habeas petition with this Court following the exhaustion of his appellate court remedies in the state courts.

habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing. *Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977).

In the present case, petitioner requests the Court to expand the record to include materials which may support his speedy trial claim. Because these materials may help resolve any future factual disputes regarding petitioner's claim, the Court will permit the court record to be expanded to include these materials..

## ORDER

Based upon the foregoing, motion for emergency stay of remand hearing [Dkt. # 17] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's motion to expand the record [Dkt. # 19] is **GRANTED.**


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 2, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 2, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager