UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY L. BROWN,

    Petitioner,

v.

KENNETH T. McKEE,

    Respondent,

                                                   /

Civil No. 2:07-CV-14038
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER REOPENING THE PETITION FOR WRIT OF HABEAS CORPUS, AMENDING CAPTION, SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

    Troy L. Brown, ("Petitioner"), presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a motion to reopen his petition for writ of habeas corpus that he previously filed pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for conspiracy to possess 100 grams or more of cocaine, M.C.L.A. 333.7403(2)(a)(I). For the reasons that follow, the Court will grant petitioner's motion to reopen his petition for writ of habeas corpus. The Court will amend the caption to reflect that the current warden is Kenneth T. McKee. However, for reasons stated in greater detail below, the Court will summarily deny the petition for writ of habeas corpus.

**I. Background**

    On June 10, 2003, police raided petitioner's house and recovered various items relating to the distribution of cocaine. Petitioner, however, was not formally charged until October 14, 2004, when he was charged with delivery of 1000 grams or more of cocaine, possession of 1000 grams or more of cocaine, and the conspiracy count that he ultimately

1

pleaded guilty to. On December 6, 2004, petitioner waived his right to a preliminary examination and was bound over to the Ingham County Circuit Court.

On April 12, 2006, petitioner filed a motion to dismiss based on an alleged violation of his right to a speedy trial. The trial court denied the motion on April 19, 2006, without hearing oral arguments, conducting any hearing, or making any findings of fact or conclusions of law.

Petitioner filed an interlocutory appeal with the Michigan Court of Appeals, in which he contended that the trial court erred in denying his motion to dismiss without conducting an evidentiary hearing. Two judges on the Michigan Court of Appeals denied the application in a standard form order. *People v. Brown,* No. 269885 (Mich.Ct.App. April 27, 2006). However, one of the three judges on the panel, Judge Borrello, indicated that he would grant leave to appeal.

Petitioner's trial was scheduled for April 27, 2006, the same day that the Michigan Court of Appeals denied petitioner's interlocutory appeal. On that date, petitioner pleaded guilty to the conspiracy charge, in exchange for the dismissal of the other charges against him. There was also an agreement that petitioner's minimum sentence would not exceed seven years. The assistant prosecuting attorney further placed on the record that the prosecution did not object to petitioner's contention that he was preserving his right to appeal with regard to his speedy trial issue that he had previously filed in his motion to dismiss. There was no formal finding by the trial court, however, that petitioner had entered a conditional plea of guilty. (Plea Tr., p. 4). Petitioner was sentenced to five years, ten months to nineteen years in prison.

Petitioner filed a second appeal with the Michgan Court of Appeals, again raising his

speedy trial claim. The Michigan Court of Appeals initially held the matter in abeyance and ordered a response from the prosecutor. In their answer to petitioner's application for leave to appeal, the appellate prosecutor conceded that the assistant prosecuting attorney's remarks at the plea hearing were the equivalent of making petitioner's plea conditioned upon his right to appeal his speedy trial issue, although the appellate prosecutor noted somewhat inconsistently in a footnote that the assistant prosecuting attorney did not believe that he was agreeing to a conditional guilty plea. [1] The Michigan Court of Appeals ordered that the matter be removed from abeyance and denied petitioner leave to appeal in a form order. *People v. Brown,* No. 275399 (Mich.Ct.App. April 4, 2007). The Michigan Supreme Court denied leave to appeal. *People v. Brown,* 469 Mich. 867; 735 N.W. 2d 223 (2007).

Petitioner subsequently filed a petition for writ of habeas corpus, in which he alleged that his right to a speedy trial was violated by the sixteen month delay between his initial arrest and his being formally charged with the crimes, and the eighteen month delay between the formal charges and the trial date of April 27, 2006.

This Court granted petitioner a conditional writ of habeas corpus, remanding the matter back to the state courts for the sole purpose of conducting a hearing and making a factual and legal determination with respect to petitioner's speedy trial claim. This Court indicated that at such a hearing, the trial court should initially make a determination to clarify whether petitioner's plea of guilty was entered conditionally so as to permit him to preserve his speedy trial claims for appeal. If the trial court determined that petitioner's plea was conditional, the trial court was required to make the appropriate findings of fact

---

[1] *See* People's Answer to Defendant's Delayed Application for Leave to Appeal, p. 7 and n. 2 [This Court's Dkt. # 12-8].

and conclusions of law concerning the reasons for the delays in this case, whether petitioner promptly asserted his speedy trial rights, and whether petitioner could establish that he was prejudiced by the delays. *See Brown v. Curtis,* No. 2008 WL 27114177, * 4 (E.D. Mich. July 7, 2008). This Court further indicated that should the Ingham County Circuit Court deny petitioner relief from his speedy trial claim, "petitioner shall be able to seek appellate review of the denial of this claim with the Michigan appellate courts." *Id.*

A hearing was conducted in the Ingham Circuit Court regarding petitioner's claims on September 23, 2008 before Judge Thomas L. Brown. [2] Prior to the hearing, petitioner requested, but was denied, the assistance of counsel. Four witnesses testified and were subject to direct and cross-examination by the prosecution and by petitioner. At the conclusion of the hearing, the judge indicated that he would take the matter under advisement.

On November 7, 2008, the circuit court judge issued an opinion and order denying petitioner's speedy trial claim. *People v. Brown,* No. 04-1495-FC (Ingham County Circuit Court, November 7, 2008). [3] The judge first found that there was nothing on the record to indicate that either the prosecutor or the trial court had consented to a conditional guilty plea by petitioner. The judge noted that the prosecutor had made a statement at the time

---

[2] Petitioner's original trial court judge, Judge Beverley Nettles-Nickerson, was removed from the bench by the Michigan Supreme Court on June 13, 2008 for judicial misconduct. *In re Nettles-Nickerson*, 481 Mich. 321, 750 N.W.2d 560 (2008). The grounds for removal included the judge's conduct in making false statements under oath in connection with her divorce proceeding, making and soliciting other false statements while not under oath, including the submission of fabricated evidence to the Judicial Tenure Commission, improperly listing cases on a no-progress docket, having excessive absences, allowing a social relationship to influence the release of a criminal defendant from probation, and "recklessly flaunted her judicial office." *Id.*

[3] *See* Petitioner's Exhibit K.

4

of the plea, "It is my understanding that the People are not objecting to the Defendant's contention that he has preserved the right to appeal the speedy trial issue that he's filed in a prior motion." However, the judge further noted that the assistant prosecutor had testified at the evidentiary hearing that he was merely stating that he could not object to the [interlocutory] appeal that petitioner had already filed. The judge found this explanation plausible, particularly in light of the fact that the prosecutor did not indicate that petitioner could withdraw his plea if the speedy trial issue was overturned on appeal. The judge further indicated that the judge who accepted the plea made no indication that she was entertaining a conditional guilty plea, made no statement that petitioner was preserving the speedy trial issue for appeal, nor did she inform petitioner that he was entitled to withdraw his plea if his speedy trial issue was successful on appeal. *Id.* at p. 4. Applying contractual principles to the case, the judge who conducted petitioner's post-trial evidentiary hearing ruled that there had been no "meeting of the minds" regarding petitioner's claim of a conditional guilty plea, in that there was nothing on the record to indicate that either the judge who accepted petitioner's plea or the prosecutor had intended to permit petitioner to preserve his speedy trial issue for a subsequent appeal. Instead, the prosecutor merely stated that he felt that he could not object to an interlocutory appeal that had already been filed prior to the entry of the plea. The judge concluded that there had not been "mutual assent" between the prosecutor, the trial court, and petitioner as to the entry of a conditional guilty plea. *Id.* at * 5.

      The judge further found that petitioner's speedy trial rights had not been violated. The judge first noted that petitioner was arraigned on these charges on November 10, 2004, but did not file his speedy trial motion until April 17, 2006. The judge observed that

there was nothing on the record to indicate that petitioner had objected to any of the adjournments of the trial date. Petitioner had been on bond during the pendency of this case and there was nothing to show that petitioner had been diligent in pursuing trial in this matter. The judge noted that the record was silent as to the reasons for the delay, but assumed that the prior trial dates were adjourned because of docket congestion, which is given a "neutral tint" and "minimum weight" in determining whether a defendant's speedy trial rights had been violated. *Id.* at * 6-7. Finally, the judge determined that because of the overwhelming physical evidence of petitioner's involvement in the drug trade, petitioner was unable to show that his defense had been prejudiced in any way by the delays. *Id.* at * 7-8.

On February 2, 2009, this Court issued an order denying without prejudice petitioner's motion for an emergency stay of remand hearing, in which petitioner asked this Court to grant him an unconditional writ based on the failure of the state trial court to conduct a full and fair hearing on his speedy trial claim. *Brown v. Curtis,* No. 2009 WL 236692 (E.D. Mich. February 2, 2009). This Court denied petitioner's request for an unconditional writ, finding that the Ingham County Circuit Court substantially complied with this Court's conditional order. This Court also ruled that any request for an unconditional writ was premature, in light of this Court's indication that petitioner could seek appellate review in the Michigan Court of Appeals and the Michigan Supreme Court of any adverse decision rendered by the Ingham County Circuit Court regarding his speedy trial claim. *Id.* This Court subsequently denied petitioner a certificate of appealability but granted him leave to appeal *in forma pauperis.*

Petitioner subsequently filed a notice of appeal of this Court's decision to deny him an unconditional writ with the United States Court of Appeals for the Sixth Circuit, which

was construed as an application for a certificate of appealability. The Sixth Circuit denied petitioner's request for a certificate of appealability, concluding that this Court acted within its discretion in denying petitioner's motion because the state court had substantially complied with the conditional writ. The Sixth Circuit further ruled that petitioner did not have a constitutional right to the appointment of counsel in a post-conviction proceeding. Finally, the Sixth Circuit observed that the state appellate courts did not have an opportunity to rule on the state court's evidentiary findings. *Brown v. Curtis,* U.S.C.A. No. 09-1206 (6th Cir. October 5, 2009).

While petitioner's notice of appeal was pending in the Sixth Circuit, the Michigan Court of Appeals denied petitioner's application for leave to appeal the state trial court's decision to deny his motion to dismiss. The Michigan Court of Appeals ruled that petitioner did not enter a conditional guilty plea pursuant to M.C.R. 6.302(2), so as to preserve his right to raise a speedy trial issue in an application for leave to appeal from his sentence. The Michigan Court of Appeals further held that even if petitioner had preserved the speedy trial issue, he was not prejudiced by the delay because "the evidence of his guilt is overwhelming." *People v. Brown,* No. 291582 (Mich.Ct.App. August 31, 2009). [4] The Michigan Supreme Court ultimately denied petitioner's application for leave to appeal. *People v. Brown,* 485 Mich. 1011; 775 N.W.2d 765 (2009).

Petitioner has now filed a petition to reopen his petition for writ of habeas corpus.

## II. Discussion

**A. The motion to reopen the petition for writ of habeas corpus.**

---

[4]  *See* Petitioner's Exhibit M.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Pillette v. Berghuis,* 630 F. Supp. 2d 791, 795 (E.D. Mich. 2009); *Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because petitioner is now alleging that his claim has been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

**B. The order to amend the caption.**

The Court notes that petitioner has substituted Blaine Lafler as the respondent in his pleadings. When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the the Cooper Street Correctional Facility in Jackson, but had since been transferred to the Boyer Road Correctional Facility in Carson City, Michigan, where Blaine Lafler is the warden. The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner has actually been transferred to the Bellamy Creek Correctional Facility, where Kenneth T. McKee is the warden. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Kenneth T. McKee in the caption.

**C. The habeas petition is subject to summary dismissal.**

Although the Court will permit petitioner to reopen his habeas application, the Court

will nonetheless summarily dismiss the petition for writ of habeas corpus, because review of petitioner's speedy trial claim is waived because of his unconditional plea of guilty.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations, *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973), including speedy trial violations. *See Maples v. Stegall,* 340 F. 3d 433, 439 (6th Cir. 2003); *See also Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003). Although Michigan law permits the entry of a conditional plea to preserve an issue for appeal, it is well settled that a conditional guilty plea requires the agreement of the defendant, the prosecution, and the court. *People*

9

*v. Lannom,* 441 Mich. 490, 493, n. 5; 490 N.W.2d 396 (1992)*; People v. Reid,* 420 Mich. 326, 337; 362 N.W.2d 655 (1984); *People v. Andrews,* 192 Mich. App. 706, 707; 481 N. W. 2d 831 (1992); *People v. Kelley,* 181 Mich. App. 95, 97; 449 N.W.2d 109 (1989); M.C.R. 6.301(C)(2); *See also Brown v. Trombley,* No. 2007 WL 1013687, *3 (E.D. Mich. March 29, 2007). Michigan law parrallels Fed.Rule Crim. P. 11(a)(2), which states that "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty."

      The Ingham County Circuit Court and the Michigan Court of Appeals determined that petitioner had unconditionally plead to the conspiracy charge, finding that the trial judge and the prosecutor had not agreed to a conditional plea of guilty. In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). The presumption of correctness extends to factual findings made by state appellate courts on the basis of their review of trial court records. *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001)(*citing Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

      The Ingham County Circuit Court and the Michigan Court of Appeals both found that the trial court judge and the prosecutor had not agreed to allow petitioner to enter a conditional plea of guilty, so as to preserve his speedy trial claim. This Court must accord the presumption of correctness to this factual finding and therefore defers to the state courts' finding that petitioner's plea was unconditional, so as to waive his speedy trial claim. *See e.g. Nicholas v. Perini,* 818 F. 2d 554, 557 (6th Cir. 1987)(for purpose of federal habeas review, Ohio Court of Appeals' finding of fact that defendant, who entered into guilty plea,

was aware of maximum sentence which could be imposed, had to be presumed correct). Petitioner has failed to offer clear and convincing evidence to rebut this presumption. Regardless of the comments that may have been made by the prosecutor at the plea hearing, petitioner has presented no evidence that the trial court judge agreed to enter into a conditional plea with petitioner, so as to allow him to preserve his speedy trial claim for further appellate review. *See e.g. Maples v. Stegall,* 175 F. Supp. 2d 918, 923 (E.D. Mich. 2001); *vacated and remanded on other grds,* 340 F. 3d 433 (6th Cir. 2003)(petititioner's plea of guilty was not conditional, so as to preserve petitioner's speedy trial claim, even though his attorney at the plea proceeding asserted that plea did not waive petitioner's right to raise claim on appeal, where trial court stated that it could not comment on that issue); *See also U.S. v. Herrera*, 265 F. 3d 349, 351-52 (6th Cir. 2001)(defendant waived right to appeal district court's order denying pre-plea suppression motion, notwithstanding any belief of defendant that he entered conditional plea and any misstatements of defense counsel and judge that might have contributed to that belief, where there was no writing indicating that guilty plea was conditional). Petitioner has presented this Court no evidence to rebut the express factual finding by the state courts that the trial judge did not agree to allow petitioner to enter a conditional plea of guilty. Petitioner has also failed to show that the state courts' finding that the prosecutor's statements at the time of the guilty plea related solely to petitioner's interlocutory appeal and not to his right to seek further appellate review of the speedy trial claim was an unreasonable determination of the facts.

Because petitioner's unconditional guilty plea waived review of his speedy trial claim, petitioner's habeas application is subject to summary dismissal pursuant to Rule 4 of the Rules Governing § 2254 Cases. *See Reams v. Berry*, 541 F.Supp. 795, 797 (S.D. Ohio

11

1982).

Moreover, assuming that petitioner's claim was not waived, he would still not be entitled to habeas relief on his claim.

Petitioner claims that his speedy trial rights were violated because there was a thirty four month delay between June 10, 2003, when his house was raided, and when he filed his formal motion to dismiss on speedy trial grounds on April 12, 2006. Petitioner ignores the fact that he was not arrested and formally charged with this offense until October 14, 2004, some sixteen months later.

The Sixth Amendment guarantees a criminal defendant the right to a speedy trial. U.S. Const. Amend. VI. To determine whether a speedy trial violation has occurred, the court must consider the following four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). No single factor is determinative, rather a court must weigh them and engage in a "difficult and sensitive balancing process" to determine whether a constitutional violation has occurred. 407 U.S. at 533.

The length of delay is a "triggering factor" because "until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker,* 407 U.S. at 530. Therefore, to trigger a speedy trial analysis, the accused must allege that the interval between the accusation and the trial has crossed the threshold dividing ordinary from presumptively prejudicial delay. *Doggett v. United States,* 505 U.S. 647, 651-52 (1992). Courts have generally found postaccusation delays that approach one year to be "presumptively prejudicial". *Id.* 505 U.S. at 652, n. 1; *United States v. Brown,* 90 F. Supp. 2d 841, 846 (E.D. Mich. 2000).

Petitioner's speedy trial claim is without merit for several reasons. First, as the Ingham County Circuit Court judge indicated in his opinion, petitioner has miscalculated the delay in bringing him to trial from the time that his house was raided on June 10, 2003 until he filed his motion to dismiss on April 12, 2006. The Supreme Court has noted that it is "[e]ither a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." *United States v. Marion,* 404 U.S. 307, 320 (1971). Therefore, although the invocation of the Speedy Trial Clause of Sixth Amendment need not await indictment, information or other formal charge, the provision of the Speedy Trial Clause does not reach to the period prior to arrest. *Id.*

Petitioner was not arrested and charged with these offenses until October 14, 2004. Petitioner filed his motion to dismiss on April 12, 2006. The total time that elapsed between petitioner's arrest and trial was a little less than eighteen months, and not thirty four months later, as he claims. However, because the eighteen month delay between petitioner's arrest and trial is nonetheless presumptively prejudicial, this Court must engage in an examination of the remaining *Barker* factors. *See e.g. U.S. v. Bass,* 460 F.3d 830, 836 (6th Cir. 2006).

This Court first looks at the second *Barker* factor, the reasons for the delay. The purpose of this inquiry by the Court is to determine "whether the government or the criminal defendant is more to blame for [the] delay." *Maples v. Stegall,* 427 F.3d 1020, 1026 (6th Cir. 2005)(*citing Doggett*, 505 U.S. at 651)*.*

In rejecting petitioner's claim, the Ingham County Circuit Court noted that the record was silent as to the reasons for the delay in bringing petitioner to trial. The court noted that

13

petitioner was on bond during the pendency of the matter and there was nothing to indicate that petitioner had objected to any of the adjournments. The court assumed that petitioner's case was adjourned because of docket congestion. *Brown,* Slip. Op. at * 7.

Petitioner's speedy trial claim fails because there is no evidence on the record that any part of the pre-trial delay was intentionally caused by the trial court or the prosecution. *Norris v. Schotten*, 146 F. 3d 314, 327-28 (6th Cir. 1998); *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005). There is nothing in the record to indicate a "willful attempt" by the prosecution to delay the trial, *Burns v. Lafler,* 328 F. Supp. 2d 711, 722 (E.D. Mich. 2004)(*quoting Davis v. McLaughlin*, 122 F. Supp. 2d 437, 443 (S.D.N.Y. 2000)), nor is there any evidence that the prosecution intentionally delayed the trial to gain a tactical advantage over petitioner. *Id.; See also United States v. Brown*, 498 F. 3d 523, 531 (6th Cir. 2007). At best, petitioner has shown that the trial court judge and prosecution may have been negligent in bringing the case to trial or that docketing congestion may have delayed the setting of a trial date. Although government delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government under *Barker,* more neutral reasons such as negligence or overcrowded dockets weigh against the state less heavily. *See Vermont v. Brillon,* 129 S. Ct. 1283, 1290 (2009); *Barker,* 407 U.S. at 531; *Maples,* 427 F. 3d at 1026.

Regarding the third factor, the Court notes that although petitioner's counsel made a *pro forma* request for a speedy trial when he filed his "Notice of Appearance and Demands" with the Ingham County Circuit Court on November 22, 2004, this request was made as part of generic requests contained in this form for discovery, a preliminary examination, and a jury trial. Petitioner did not file an actual motion to dismiss for a speedy

14

trial violation until April 12, 2006. There is no indication that petitioner made any prior objections to the delays. Petitioner's single formal motion to dismiss on speedy trial grounds does not demonstrate a vigorous assertion of his right to a speedy trial. *See e.g. Zerla v. Leonard,* 37 Fed. Appx. 130, 132 (6th Cir. 2002).

Finally, petitioner has failed to show that he was prejudiced by the delay in bringing him to trial. Of the four factors to be assessed in determining whether a defendant's speedy trial rights have been violated, prejudice to the defendant is the most critical one. *See Trigg v. State of Tenn.,* 507 F. 3d 949, 954 (6th Cir. 1975).

The relevant forms of prejudice in speedy trial cases are: (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) the possibility that the defendant's defense will be impaired by dimming memories and loss of exculpatory evidence. *Doggett*, 505 U.S. at 654 (*quoting Barker*, 407 U.S. 514 at 532).

Petitioner is unable to establish the first form of prejudice, because he was released on bond during the pendency of his criminal case and was actually given permission to leave the state. *See Zerla,* 37 Fed. Appx. at 132; *United States v. Martinez,* 498 F.2d 464, 465-66 (6th Cir. 1974). Petitioner is likewise unable to establish the second form of prejudice, because he has failed to allege that he suffered anything more than minimal anxiety from the delays. *See Norris,* 146 F. 3d at 328.

Petitioner's primary claim is that the pre-trial delays prejudiced his ability to secure witnesses and evidence that he claims would have assisted in his defense. Petitioner specifically alleges that because of the delay, he was unable to obtain airline records and credit card information that would establish that he had non-criminal reasons for traveling to California. Petitioner also claims that he was unable to obtain witnesses to testify that

he did not engage in drug trafficking. In rejecting this argument, the Ingham County Circuit Court judge ruled that there was "overwhelming physical evidence in this case of Defendant's involvement in the drug trade." *Brown,* Slip. Op. at * 7. Petitioner's house was raided after his daughter informed law enforcement that petitioner was receiving drugs in the mail. When police raided petitioner's home, they found the home wired with cameras and discovered a safe in petitioner's bedroom which contained large amounts of cocaine and cash, just as petitioner's daughter had described. Petitioner also discovered hollowed out candles, which petitioner's daughter had informed them had been used to transport the cocaine. Finally, the court noted that petitioner had admitted at his plea hearing that he had conspired with others to traffic in cocaine, admitted that he knew his bedroom contained cocaine, and that he permitted the drugs to be stored there. *Id.* at * 7-8.

In light of the overwhelming evidence of guilt in this case, petitioner is unable to establish that he was prejudiced by any delays. *U.S. v. Sylvester*, 330 Fed. Appx. 545, 549 (6th Cir. 2009); *U.S. v. Van Dyke*, 605 F. 2d 220, 227 (6th Cir. 1979). Accordingly, the Court will dismiss the petition for writ of habeas corpus.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement

to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claim, the issues raised are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: September 30, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager